UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH HINES, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:13-cv-1058 |
| | : | |
| v. | : | Judge James L. Graham |
| | : | |
| THOMAS DEWITT, DEBRA PAXTON, | : | Magistrate Judge Norah McCann King |
| EDWARD PRIME. | : | |
| | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND
LITIGATION COSTS PURSUANT TO 42 U.S.C. §1988(A) AS IT RELATES
TO THE LAW FIRM OF DAVID GOLDSTEIN CO., L.P.A.**

Plaintiff moves for an award of attorney's fees and litigation costs pursuant to 42 U.S.C. §1988 and Fed.R.Civ.P. 54(d)(2) as it relates to the law firm of David A. Goldstein Co. L.P.A. As discussed in the memorandum supporting this motion, Plaintiff is a "prevailing party" in a claim filed under 42 U.S.C. §1983, and therefore is entitled to seek recovery of his costs, including his attorney's fees.

In further support of his motion, Plaintiff has submitted to opposing counsel a statement of his attorney's fees and costs as it relates to David A. Goldstein Co., L.P.A., and will submit the same to the Court upon request or at an oral hearing.

Respectfully submitted,

<u>/s/ David A. Goldstein</u>
**DAVID A. GOLDSTEIN (0064461)**
**DAVID A. GOLDSTEIN CO., L.P.A.**
326 S. High Street, Suite 500
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899(Fax)
dgoldstein@dgoldsteinlaw.com
Attorney for Plaintiff

**MEMORANDUM OF LAW**

I.   **Background**

This lawsuit arises from a claim for excessive force of Plaintiff Joseph Hines. Plaintiff filed the instant matter alleging excessive force claims against a number of Defendants. After discovery proceeded Plaintiff amended the complaint naming Defendants Officer Paxton, Officer DeWitt and Officer Prime. Plaintiff's Section 1983 claim proceeded to trial, and on September 28,2015, a jury rendered a verdict for the Plaintiff as to Defendant Officer Dewitt and awarded compensatory damages in the amount of $30,000.00.

II.  **Law and Analysis**

The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. §1988(b), permits a party who prevails in a §1983 action to recover reasonable attorney's fees and costs as part of the costs. The general purpose of fee-shifting statutes such as §1988(b) is to permit plaintiffs with valid claims to attract effective legal representation and "thereby to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999). "Accordingly, a prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983)(quoting S.Rep. No. 94-1011, p. 4 (1976), U.S.Code Cong. & Admin.News 1976, p. 5912). See also *Blanchard v. Bergeron*, 489 U.S. 87, 89 n.1 (1989).

Where a Plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and in cases of exceptional success an enhanced award may be justified. *Hensley*, 461 U.S. at 435. "[t]he most critical factor is the degree of success obtained." *Id*. at 436.

Calculating a reasonable attorney's fee begins by determining the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed, and where the documentation of hours is inadequate the District Court may reduce the award accordingly. *Id*. at 433. In determining the appropriate hourly rate, the Court may consider both the attorney's usual billing rate and the prevailing market rates in the relevant community. *Pennsylvania Envtl. Def. Found. v. Canon-McMillan Sch. Dist.,* 152 F.3d 228, 232 (3d Cir.1998).

The existence of a contingency fee agreement does not eliminate the need for an award of attorney's fees under § 1988(b). "Plaintiffs who can afford to hire their own lawyers, as well as impecunious litigants, may take advantage of this provision. And where there are lawyers or organizations that will take a plaintiff's case without compensation, that fact does not bar the award of a reasonable fee." *Blanchard*, 489 U.S. at 94. However, the presence of a pre-existing contingency fee agreement may aid in determining reasonableness. "The fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating attorney's fee expectations when he accepted the case." *Blanchard*, 489 U.S. at 93 (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 723 (1987)).

### A. Plaintiff's Attorney's Fees

Plaintiff could not afford to pay an hourly rate for the legal services necessary to pursue his Section 1983 claim. As a result, Plaintiff hired the law firm of Feiger & Associates. Plaintiff hired David A. Goldstein Co., L.P.A. as local counsel to assist with prosecuting his claims.

### B. Plaintiff's Attorneys' Hourly Rates And The Time Expended

Aware that Plaintiff's attorney's fees could be sought if Plaintiff was successful in pursuing his Section 1983 claim, Plaintiff's counsel recorded all time expended and costs incurred on Plaintiff's behalf in this litigation. Descriptions of the legal services provided, the time expended, and the costs incurred, were recorded and entered as they occurred.

#### 1. Plaintiff's Attorneys' Hourly Rates

Plaintiff was represented by Feiger & Associates and David A. Goldstein Co., L.P.A. Over the course of the two years that the action was pending, a number of attorneys participate in the matter including from the law firm of David A. Goldstein Co., L.P.A. who included David A. Goldstein and Romina Newsome.

David A. Goldstein Co., L.P.A., is a civil litigation firm located in Columbus, Ohio. The firm's diverse civil litigation practice encompasses business and commercial disputes, employment matters, wrongful death, serious injury cases, insurance defense, bad faith, and civil rights disputes. Mr. Goldstein is the owner of the firm. Mr. Goldstein graduated from law school in 1994 and practiced in the Franklin County Prosecutor's Office as an assistant county prosecuting attorney from 1995-1999. After leaving the Franklin County Prosecutor's office, Mr. Goldstein joined the law firm of Mazanec, Raskin & Ryder Co., L.P.A. as an associate from 1999-2002. Thereafter, David A. Goldstein founded David A. Goldstein Co., L.P.A. His practice has consisted of civil litigation since 1999.

Mr. Goldstein charges $350.00 per hour for his services. The billing rate for Mr. Goldstein reflects his litigation experience and the historical success he has achieved for the firm's clients. The firm bills his associate, Mrs. Newsome time at $200.00 per hour.

These hourly rates are well within the range of rates charged by attorneys with similar experience in central Ohio. Plaintiff has retained an expert witness, Rex Elliott who will testify as to the same if the matter proceeds to an oral hearing.

### 2. The Time and Costs Incurred

David A. Goldstein Co., L.P.A., has legal expenses in prosecuting Plaintiff's claims of $89,360.00 which represents 251.94 hours of billable work performed by David A. Goldstein and 5.9 hours as it relates to legal work performed by Romina Newsome. In addition, Plaintiff incurred $1,982.05 in costs to prosecute his claims. (See Exhibit A, Affidavit of David A. Goldstein). A copy of the firm's billing invoice has been produced to opposing counsel and will be provided to the Court upon request and/or at an oral hearing.

### C. The Success of The Litigation

Plaintiff prevailed in the litigation. The nine-person jury deliberated for two days before returning a verdict of $30,000.00.

**III.     Conclusion**

For all of the foregoing reasons, plaintiff respectfully requests that the Court award attorney's fees in the amount of $89,360.00 plus costs as it relates to the legal services provided by David A. Goldstein Co., L.P.A.

Respectfully submitted,

/s/ David A. Goldstein
**DAVID A. GOLDSTEIN (0064461)**
**DAVID A. GOLDSTEIN CO., L.P.A.**
326 S. High Street, Suite 500
Columbus, Ohio  43215
(614) 222-1889
(614) 222-1899(Fax)
dgoldstein@dgoldsteinlaw.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

This will certify that a copy of the foregoing was sent electronically to the following on this 12th day of October 2015.

Westley M. Phillips
Timothy J. Mangan
Assistant City Attorneys
77 North Front Street
Columbus, Ohio 43215-1895
wmphillips@columbus.gov
tjmangan@columbus.gov
*Attorneys for Defendants*

*/s/ David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**